IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| THEODORE WAGNER,     #286910, | ) Civil Action No. 3:07-2698-GRA-JRM |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| SOUTH CAROLINA DEPARTMENT OF | ) |
| CORRECTIONS, | ) |
| | ) **REPORT AND RECOMMENDATION** |
| Defendant. | ) |
| _____ | ) |

Plaintiff filed this action, pro se, in the Court of Common Pleas of Jasper County, South Carolina on December 13, 2006. Defendant, South Carolina Department of Corrections ("SCDC"),[1] removed this action to this court on August 2, 2007.[2] Plaintiff alleges that his constitutional rights were violated because he was denied access to the court and SCDC deprived him of the right to petition the government for a redress of grievances. SCDC filed a motion to dismiss on August 28, 2007. Because Plaintiff is proceeding pro se, he was advised on August 30, 2007, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendant's motion to dismiss could result in the dismissal of his complaint. Plaintiff has not filed a response addressing SCDC's motion to dismiss, but instead has filed motions to remand and for default.

_____

[1] Originally, the State of South Carolina was a defendant in this action. On June 12, 2007, the Honorable James Lockemy, South Carolina Circuit Court Judge, dismissed the State of South Carolina as a party. See Attachment to Plaintiff's Defendant's November 21, 2007 Response (Doc. 24); Defendant's Notice of Removal at 1; and Plaintiff's October 4, 2007 Motion (Doc. 11) at 1.

[2] Pretrial matters in this case were referred to the undersigned pursuant to Rule 73.02(B)(2)(e), DSC. Because these are dispositive motions, this report and recommendation is entered for review by the court.

1.    <u>Motions to Remand/Move Back to Proper Jurisdiction</u>

On October 4, 2007, Plaintiff filed a motion to move this action back to proper jurisdiction or in the alternative to allow him an additional 120 days to file materials in support of his action.[3] This appears to be a motion to remand. On October 9, 2007, Plaintiff filed what appears to be a supplement to this motion. Plaintiff argues that this action should be remanded to the state court because he has asserted no federal question jurisdiction in his complaint. He claims that he has asserted a state tort under the South Carolina Constitution and he has not asserted claims under federal law. On October 17, 2007, SCDC consented to remand of this action. On October 26, 2007, however, Plaintiff filed a letter which he titled "RE: Access to Court [-] Now we have a Federal Question." In his letter, Plaintiff states that he is being denied access to the court system now that he is a federal prisoner "and if this [action is] turned back over to the State Court now I would be denied all access." He appears to claim that persons at the federal prison have taken his legal materials and do not provide him with adequate postage.[4] In a response filed October 29, 2007, SCDC stated that after reviewing SCDC's records it discovered that Plaintiff properly served it and, because the notice of removal was thus not timely, consented to Plaintiff's motion for remand.

---

[3]To the extent that Plaintiff is requesting an extension of time (because his legal materials were allegedly taken) it appears that this is now moot, as more than 120 days have passed since the date his motion was filed.

[4]The alleged incidents of which Plaintiff complains in his October 26, 2007 letter appear to have occurred after this action was filed and concern federal employees who are not a part of this action. Thus, Plaintiff fails to show federal court jurisdiction based on those alleged actions.

To the extent that SCDC is now arguing that this action should be remanded because the notice of removal was not filed within thirty days after SCDC was served,[5] its argument fails as the motion to remand was not filed until more than thirty days after this action was removed.  See 28 U.S.C. § 1447(c)("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).").  Plaintiff's motion to remand should be denied because Plaintiff alleges federal claims in his complaint.  A party may remove an action from state court to federal court if "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).  "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C. § 1441(b).  This court exercises original jurisdiction over cases presenting questions of federal law.  See 28 U.S.C. § 1331.  In determining the existence of federal question jurisdiction, courts must look at what is "presented on the face of a plaintiff's properly pleaded complaint."  Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).  Looking at the face of the complaint, Plaintiff has alleged federal claims.  Specifically, he repeatedly claims that his First Amendment rights have been violated.  Plaintiff specifically asserts that S.C.D.C. operates the law library in violation of the **1st Amendment and** the South Carolina Constitution[.]" Complaint at 12

_____

[5]The notice of removal in a civil action:
shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b).

3

(emphasis added). He also claims that "S.C.D.C. did knowingly and intentionally make policy **in violation of the U.S. and** S.C. State Constitution[.]" Complaint at 15-16 (emphasis added). He stated that "[f]or this draconian act by the government to reduce and diminish **my access to the court** and my constitutional right to petition my government for redress I ask for 3000,000.00." Complaint at 14 (emphasis added). It is, therefore, recommended that Plaintiff's motions to remand be denied.

    2.    <u>Motion for Default Judgment/Partial Summary Judgment</u>

On November 9, 2007, Plaintiff filed a motion for summary judgment in part and for default judgment.[6] He argues that his motion should be granted because SCDC did not serve a response until "almost three months after service of the Summons and Complaint." SCDC contends that Plaintiff's motion should be denied because Plaintiff has provided no evidence that the Defendant failed to plead or otherwise defend pursuant to Federal Rule 55(a). Additionally, SCDC argues that Plaintiff failed to file an application for default with the Clerk and therefore the Clerk of Court has not entered a default.

The clear policy of the Federal Rules of Civil Procedure is to discourage judgment by default and to encourage disposition of claims on their merits. <u>Reizakis v. Loy</u>, 490 F.2d 1132 (4th Cir. 1974) and <u>Tolson v. Hodge</u>, 411 F.2d 123 (4th Cir. 1969). The court may also consider whether or not the moving party acted promptly, <u>Consolidated Masonry & Fireproofing, Inc. v. Wagman Constr. Co.</u>, 383 F.2d 249 (4th Cir. 1967) and whether or not the moving party has been disadvantaged by the error or neglect of his attorney. <u>United States v. Moradi</u>, 673 F.2d 725, 728 (4th Cir. 1982). Plaintiff fails to show any prejudice from the alleged default. SCDC appears to have acted promptly

_____

[6]This motion appears to only be a motion for default, as Plaintiff has asserted no grounds for granting partial summary judgment.

after they determined that they were served with this action. It is, therefore, recommended that Plaintiff's motion for default judgment and partial summary judgment be denied.

     3.     <u>Motion to Dismiss</u>

SCDC contends that its motion to dismiss should be granted because (1) res judicata serves as a bar to this action and (2) Plaintiff's conspiracy cause of action must be dismissed because SCDC is immune from suit pursuant to the South Carolina Tort Claims Act ("SCTCA"), § 15-78-10, <u>et</u> <u>seq.</u>

     a.     <u>Res Judicata</u>

SCDC contends that res judicata serves as a bar to this action "because every allegation of the Complaint seeks to challenge the facts conclusively established in the prior action between the parties." Specifically, SCDC argues that even though Plaintiff has named a different defendant, this action presents the same issues, involving the same real parties as in one of Plaintiff's prior actions.

Plaintiff filed an action in this court in February 2005 (Civil Action 3:05-372-GRA) in which he alleged violations of his constitutional right by employees of SCDC. Specifically, he claimed that exposure to second-hand tobacco smoke violated his Eighth Amendment rights. He also asserted that it took him seven months to research information about environmental tobacco smoke because SCDC knowingly and intentionally restricted inmate access to the court. Summary judgment was granted to Defendants in the prior action and the case is closed.

Res judicata bars relitigation in a second suit involving the same parties or their privies based on the same cause of action if the court in the first suit issued a judgment on the merits. <u>See</u> <u>Parkland Hosiery Co., Inc. v. Shore</u>, 439 U.S. 322 (1979). Res judicata, sometimes referred to as claim preclusion, provides that "if the later litigation arises from the same cause of action as the first, then the judgment bars litigation not only of every matter actually adjudicated in the earlier case, but also of every claim that might have been presented." <u>In re Varat Enterprises, Inc.</u>, 81 F.3d 1310, 1315

(4th Cir. 1996). The three elements required to be shown for res judicata to apply are "(1) a judgment on the merits in a prior suit resolving (2) claims by the same parties or their privies, and (3) a subsequent suit on the same cause of action." <u>Coyne & Delany Co. v. Selman</u>, 98 F.3d 1457, 1473 (4th Cir. 1996). "Generally, claims are part of the same cause of action when they arise out of the same transaction or series of transactions." <u>In re Varat Enterprises, Inc.</u>, 81 F.3d at 1316.

Here, Plaintiff may be alleging claims concerning access to the courts concerning his prior action which may be barred by res judicata. He, however, also appears to allege claims as to incidents which occurred at SCDC institutions other than the one where the incidents in the previous action allegedly occurred and which involved different SCDC employees. Further, a number of the allegations concern incidents which allegedly occurred after the conclusion of his prior action. SCDC has not delineated which actions could have been litigated in the prior action.

    c.   <u>Conspiracy</u>

Plaintiff appears to allege that South Carolina and its employees conspired to diminish Plaintiff's freedom to bring a grievance against the government. SCDC contends that Plaintiff's conspiracy claim should be dismissed because SCDC is immune from suit under the SCTCA. Under South Carolina law, a civil conspiracy is a combination of two or more persons joining for the purpose of injuring the plaintiff and causing special damage to the plaintiff. <u>LaMotte v. Punch Line of Columbia, Inc.</u>, 370 S.E.2d 711, 713 (S.C. 1988). Under the SCTCA:

> The governmental entity is not liable for a loss resulting from:
>      *****
> (17) employee conduct outside the scope of his official duties or which constitutes actual fraud, actual malice, intent to harm, or a crime involving moral turpitude[.]

15-78-60(17). SCDC contends that Plaintiff cannot state a cause of action for civil conspiracy because he is claiming that SCDC employees intended to harm him and SCDC is immune from

actions under § 15-78-60(17) of the SCTCA.  Plaintiff has not responded to this allegation.  Further, he does not appear to have even named SCDC in his conspiracy allegation.  <u>See</u> Complaint at 1.

    4.    <u>Sua Sponte Dismissal of Federal Claims</u>

    It is also recommended that Plaintiff's federal claims be dismissed <u>sua sponte</u>[7] because Plaintiff's claims are barred by the Eleventh Amendment.  Additionally, Plaintiff's claims for injunctive and/or declaratory relief are moot.

    The Eleventh Amendment forbids a federal court from rendering a judgment against an unconsenting state in favor of a citizen of that state.  <u>Edelman v. Jordan</u>, 415 U.S. 651, 663 (1974).  Although this language does not explicitly prohibit a citizen of a state from suing his own state in federal court, the Supreme Court in <u>Hans v. Louisiana</u>, 134 U.S. 1 (1890), held that the purposes of the Eleventh Amendment, i.e. protection of a state treasury, would not be served if a state could be sued by its citizens in federal court. The Eleventh Amendment also bars this Court from granting injunctive relief against the state or its agencies. <u>See</u> <u>Federal Maritime Com'n v. South Carolina State Ports Auth.</u>, 535 U.S. 743, 765 (2002); <u>Seminole Tribe of Florida v. Florida</u>, 517 U.S. 44, 58 (1996) ("the relief sought by a plaintiff suing a State is irrelevant to the question whether the suit is barred by the Eleventh Amendment").  State agencies and state instrumentalities share this immunity when they are the alter egos of the state. <u>See</u> <u>Regents of the University of California v. Doe</u>, 519 U.S. 425, 429 (1997).

---

    [7]<u>See</u> <u>Suarez Corp. Indus. v. McGraw</u>, 125 F.3d 222, 227 (4th Cir.1997) (courts may consider an Eleventh Amendment immunity defense <u>sua sponte</u>).

While the United States Congress can override Eleventh Amendment immunity through legislation, Congress has not overridden the states' Eleventh Amendment immunity in § 1983 cases. See Quern v. Jordan, 440 U.S. 332, 343 (1979). In addition, a State may consent to a suit in a federal district court. See Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 99 & n. 9 (1984). However, the State of South Carolina has not consented to such actions. See S.C. Code Ann. §15-78-20(e)(statute expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State.) Thus, SCDC is protected by Eleventh Amendment immunity.

Plaintiff's claims for declaratory and/or injunctive relief are moot, as he has been transferred from the SCDC to the custody of the Federal Bureau of Prisons. See Williams v. Griffin, 952 F.2d 820, 823 (4th Cir.1991)("[T]he transfer of a prisoner render[s] moot his claim for injunctive and declaratory relief."); Taylor v. Rogers, 781 F.2d 1047, 1048 n. 1 (4th Cir.1986)(holding that prisoner's transfer mooted a request for declaratory and injunctive relief). Cf. Powell v. McCormack, 395 U.S. 486, 496 (1969)("[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."); Magee v. Waters, 810 F.2d 451, 452 (4th Cir.1987); Buie v. Jones, 717 F.2d 925, 927-929 (4th Cir.1983).

## CONCLUSION

Based on review of the record, it is recommended that Defendant's motion to dismiss (Doc. 7) be denied, in part, as to SCDC's contention that this action is barred by the doctrine of res judicata and granted, in part, as to Plaintiff's state law conspiracy claim (if any) against SCDC. It is also recommended that Plaintiff's motions to remand (Docs. 11 and 12) and motion for default judgment

and for partial summary judgment (Doc. 20) be denied.  Finally, it is recommended that Plaintiff's

federal claims be dismissed <u>sua</u> <u>sponte</u> (as SCDC is entitled to Eleventh Amendment immunity and

Plaintiff's claims for injunctive relief and/or declaratory relief are moot) and any remaining state law

claims be remanded to the state court pursuant to 28 U.S.C. § 1367(c)(3).[8]

Respectfully submitted,

Joseph R. McCrorey
United States Magistrate Judge

February 29, 2008
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

---

[8]<u>See</u> <u>Carnegie-Mellon Univ. v. Cohill</u>, 484 U.S. 343 (1988); and <u>Hinson v. Norwest Fin. SC,</u>
<u>Inc.</u>, 239 F.3d 611 (4th Cir. 2001).

9

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).